YING LIN, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General,[1] Respondent.

No. 04–3478–ag.

United States Court of Appeals, Second Circuit.

Aug. 23, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Matthew H. Mead, United States Attorney for the District of Wyoming, Carol A. Statkus, Assistant United States Attorney, Cheyenne, WY, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ying Lin, a citizen of the People's Republic of China, seeks review of a June 14, 2004, order of the BIA affirming the May 19, 2003, decision of Immigration Judge ("IJ") John Opaciuch denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Ying Lin,* No. A77 998 033 (B.I.A. June 14, 2004), *aff'g* No. A77 998 033 (Immig. Ct. N.Y. City, May 19, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ properly found that Lin failed to establish her claim of past perse-

cution, or a well-founded fear of future persecution, based on her expulsion from school. *See Kambolli v. Gonzales,* 449 F.3d 454, 457 (2d Cir.2006) (persecution does not encompass all treatment that society regards as unfair, unjust, or even unlawful or unconstitutional); *see also Chen v. Gonzales,* 457 F.3d 670, 674 (7th Cir.2006) (applicant's expulsion from school in China for opposing birth-control policy, as the sole basis for his claim of persecution, did "not come close" to meeting the required standard where applicant had not demonstrated that he sustained any harm at all from the expulsion). While Lin claims that she was forbidden from returning to school, we have never held that the deprivation of an education amounts to persecution.

Some courts have accepted expulsion from school as one factor among several supporting a claim of persecution. *See Kimumwe v. Gonzales,* 431 F.3d 319, 322 (8th Cir.2005); *Niam v. Ashcroft,* 354 F.3d 652, 658 (7th Cir.2004); *Gao v. Ashcroft,* 299 F.3d 266, 268 (3d Cir.2002). In the present case, however, Lin's claim is based entirely on her expulsion from school. Although Lin argues that the IJ impermissibly speculated about the availability of a private education in China, it was Lin who bore the burden of proof to establish past persecution or a well-founded fear of future persecution, *see Wu Biao Chen v. I.N.S.,* 344 F.3d 272, 275 (2d Cir.2003), and she did not demonstrate any past or future harm to herself other than her dismissal from school. In particular, she did not testify that she made an effort to obtain an education elsewhere. *Cf. Ai Feng Yuan v. U.S. Dept. of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (persecution not established by loss of employment where petitioner did not establish either that he had been unable to get a new job or that he had looked

for one). Accordingly, we need not decide whether denial of education alone can constitute persecution, as remand would not be appropriate in this case even if we were to so hold. In light of this conclusion, we need not, and so do not, reach the merits of Lin's argument that the IJ's adverse credibility finding was flawed.

Lin's other arguments are similarly unavailing. Although she argues that the administrative record is incomplete and claims that she is therefore prevented from making proper arguments on appeal, it is plain from the BIA's decision that it was Lin herself who offered the new evidence she claims is missing. The BIA is not required to consider additional evidence on appeal in the absence of a motion to reopen. *See Ivanishvili v. U.S. Dept. of Justice,* 433 F.3d 332, 344 (2d Cir.2006).

 Because Lin did not demonstrate eligibility for asylum, she necessarily failed to carry the higher burden of proof for withholding of removal. Furthermore, contrary to Lin's claims, the IJ did not fail to consider her CAT claim separately from her asylum and withholding of removal claims. Rather, the IJ concluded that Lin had failed to show that it was more likely than not she would be tortured if returned to China, and Lin did not offer any evidence that would compel a reasonable adjudicator to disagree with this conclusion. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).